UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY HARDEN, et al.,

    Plaintiffs,

v.                                                    CASE NO. 3:11-cv-202-J-37JBT

ASSET MAINTENANCE & PROPERTY
SERVICES, INC., etc., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Clerk's Default Against Defendants, Asset Maintenance & Property Services, Inc., a Florida Corporation, d/b/a Pavement America, and Jeff Buchanon [sic] ("the Motion") (Doc. 7). In the Motion, Plaintiffs seek entry of default against both Defendants in this case. (*Id.*) For the reasons stated herein, the Motion is due to be **GRANTED in part and DENIED in part**.

Federal Rule 55(a), which governs the entry of default, provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); *see also Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) ("[T]he court has power to enter an order of default and Rule 55 is not a limitation thereof.").

"To prevail on [a] motion for entry of default, plaintiff has to show proof of service." *Carrington v. Easley*, No. 5:08-CT-3175-FL, 2010 WL 2772405, at *1 (E.D.N.C. July 12, 2010); *see also Trexler v. Giese*, C/A No. 3:09-144-CMC-PJG, 2010 WL 104600, at *2 (D.S.C. Jan. 7, 2010) (finding entry of default inappropriate in light

of insufficient proof of service).  Rule 4(l) of the Federal Rules of Civil Procedure, which governs proof of service in federal court, reads as follows: "Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  FED. R. CIV. P. 4(l)(1).

Plaintiffs filed the Complaint on March 3, 2011.  (Doc. 1.)  On April 11, 2011, Plaintiff perfected service of process on Asset Maintenance & Property Services, Inc., a Florida Corporation, d/b/a Pavement America ("Asset Maintenance").  (Docs. 5 & 7-1.)[1]  To date, Asset Maintenance has not filed a response to the Complaint, and entry of default against Asset Maintenance is now proper.  See FED. R. CIV. P. 55(a). However, Plaintiff has not proven service of process on Jeff Buchanan.  Thus, a default will not be entered against Mr. Buchanan.

Accordingly, it is

**ORDERED**:

1. As to Defendant Asset Maintenance, the Motion (**Doc. 7**) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter a default against Defendant Asset Maintenance.

2. As to Defendant Jeff Buchanan, the Motion (**Doc. 7**) is **DENIED without**

---

[1] The Florida Department of State's corporate records disclose that Theresa M. Kenney resigned as the registered agent for Asset Maintenance & Property Services, Inc. on May 18, 2011, effective thirty-one days thereafter.  However, because the Affidavit of Service states that service was made on "Theresa M. Kenney - R.A." on April 11, 2011 (Docs. 5 & 7-1), it appears that Asset Maintenance & Property Services, Inc. was properly served with process.

**prejudice** to re-filing if appropriate after proper proof of service has been filed with the Court.

      **DONE AND ORDERED** at Jacksonville, Florida, on June 3, 2011.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record
               Any *Pro se* Parties