UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY HARDEN, et al.,

    Plaintiffs,

v.                                                CASE NO. 3:11-cv-202-J-37JBT

ASSET MAINTENANCE & PROPERTY
SERVICES, INC., etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law ("Motion") (Doc. 14), filed by Plaintiffs, Troy Harden and James Young. In the Motion, Plaintiffs seek entry of default judgment against Defendant, Asset Maintenance & Property Services, Inc, a Florida corporation, d/b/a Pavement America ("Defendant"),[1] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (*Id.*) Although given adequate time to do so, Defendant has not responded to the Motion. Therefore, the Court will treat the Motion as unopposed. Notwithstanding the lack of opposition, for the reasons stated herein, the Motion is due to be **DENIED without prejudice** to filing an amended complaint in compliance with this Order.

In short, while Plaintiff has attempted to state a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Complaint fails to sufficiently allege subject matter jurisdiction in a non-conclusory manner. Specifically, the link to interstate commerce is not sufficiently alleged with supporting facts. Therefore, the

---

[1] This case has been dismissed without prejudice as to the other Defendant named in the Complaint, Jeff Buchanan. (Doc. 13.)

Court cannot ensure it has subject matter jurisdiction, and the Motion must be denied.

I.   **Background**

On March 3, 2011, Plaintiffs filed this action, seeking unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and declaratory relief under the FLSA, 29 U.S.C. §§ 201, *et seq.* (Doc. 1.)[2]

On April 11, 2011, Plaintiffs perfected service of process on Defendant. (Doc. 5.) Defendant failed to file a responsive pleading or otherwise appear in the instant case. On May 25, 2011, Plaintiffs moved for entry of a clerk's default against both named Defendants—Asset Maintenance & Property Services, Inc, a Florida corporation, d/b/a Pavement America, and Jeff Buchanan. (Doc. 7.) In its Order of June 3, 2011, the Court granted Plaintiffs' motion for entry of default as to the corporate Defendant, but denied the motion as to Defendant Jeff Buchanan because Plaintiffs had failed to prove service of process on Buchanan (Doc. 8.), who has since been dismissed from this case.[3] Accordingly, the Clerk of Court entered a default against Defendant on June 6, 2011. (Doc. 9.) On August 3, 2011, Plaintiffs filed the Motion, which is now ripe for resolution.

---

[2] Although Plaintiffs filed this case "on behalf of themselves and those similarly situated" (Doc. 1), the record reflects that Plaintiffs have not established that the proposed class is similarly situated, *see* 20 U.S.C. § 216(b); *see also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individual has joined in this case as a party. Moreover, in the Motion, Plaintiffs request that "the Court convert this action to an individual action brought solely by Plaintiffs Troy Harden and James Young, as at this time no additional opt-ins have joined the case." (Doc. 14.)

[3] *See supra* note 1.

## II. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* FED. R. CIV. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing. *See* FED. R. CIV. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu*, 515 F.2d at 1206; *see also Patray*, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter fo right, and in fact is judicially disfavored"); *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating

3

that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* FED. R. CIV. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

However, a "plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly,* 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### III. Analysis

To prevail on their FLSA claim, Plaintiffs must establish the following:

(1) Plaintiff was employed by the Defendant during the time period

involved;

(2) Plaintiff was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce; and

(3) Defendant failed to pay the overtime pay required by law.

Eleventh Circuit Pattern Jury Instruction (Civil Cases) 1.7.1 (2005).

With respect to the second element, Plaintiff must establish either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

The term "enterprise" is defined in 29 U.S.C. § 203(r). "Enterprise engaged in commerce or in the production of goods for commerce" is defined in 29 U.S.C. § 203(s)(1) as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
>
> . . . .

29 U.S.C. § 203(s)(1).

Upon review of the Complaint and the Motion, it appears that Plaintiffs assert

both individual and enterprise coverage. However, contrary to Plaintiffs' assertion, they have not sufficiently alleged either type of coverage.

The Complaint contains the following allegations relating to individual coverage:[4]

> 2. Plaintiffs were day rate paid employee[s] performing sweeper activities . . . .
>
> . . . .
>
> 10. . . . Plaintiffs were engaged in interstate commerce during their employment with Defendants as a result of their routine and repeated use of materials, supplies, and goods which had traveled in interstate commerce.
>
> . . . .
>
> 30. Plaintiffs are individually covered by the FLSA by their routine and repeated handling of materials, goods and supplies which had traveled in interstate commerce.

(Doc. 1 at 1, 3, 5.) Thus, Plaintiffs do not allege that they were "engaged in the production of goods for commerce," and the only issue, for purposes of individual coverage, is whether Plaintiffs have sufficiently alleged that they were "engaged in commerce." *See* 29 U.S.C. § 206(a); *Thorne*, 448 F.3d at 1265-66. Clearly, they have not.

The Eleventh Circuit's opinion in *Thorne v. All Restoration Services, Inc.*, cited above, is instructive on this issue. In that case, the court held that

> for an employee to be "engaged in commerce," under the FLSA, he must be directly participating in the actual movement of persons or things in

---

[4] Plaintiffs' allegations relating to both individual and enterprise coverage are confusing because they mix the separate statutory references together to form an unclear amalgamation of the two.

> interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (citations omitted).

In light of the Eleventh Circuit's opinion in *Thorne*, Plaintiffs have failed to sufficiently allege individual coverage. Their allegations are not only conclusory but also misplaced.

Additionally, Plaintiffs have failed to allege sufficient facts to support enterprise coverage. The Complaint contains the following allegations relating to enterprise coverage:

> 2. Plaintiffs were day rate paid employee[s] performing sweeper activities . . . .
>
> . . . .
>
> 9. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s) in that Defendants had two or more employees engaged in interstate commerce and Defendants earned over $500,000.00 per year in sales.
>
> 10. Additionally, Plaintiffs were engaged in interstate commerce during their employment with Defendants as a result of their routine and repeated use of materials, supplies, and goods which had traveled in interstate commerce.[5]

(*Id.* at 1, 3.)

Paragraph nine is merely a conclusory regurgitation of the statutory language

---

[5] It is unclear whether this allegation is even meant to support enterprise coverage, but the Court will nonetheless consider it. *See supra* note 4.

with no factual support.  Similarly, paragraph ten is also a conclusory reference to the statutory language, *see* 29 U.S.C. §203(s)(1)(A)(i), which, barren of facts, is insufficient to push Plaintiffs' claim to relief above the speculative level, *see Twombly*, 550 U.S. at 555.[6]  The Court can only speculate whether it truly has jurisdiction in this case.  The unclear allegation that Plaintiffs were "performing sweeper activities" (*id.* at 1) does not help.  Accordingly, the Court will deny the Motion and allow Plaintiffs one final opportunity to file an amended complaint, sufficiently alleging subject matter jurisdiction with adequate factual allegations, if they can do so.

Therefore, upon review of the factual allegations of the Complaint, which are deemed admitted, the Court concludes that Plaintiffs have failed to allege sufficient facts to support either individual coverage or enterprise coverage, and, thus, they have failed to provide an adequate legal basis for entry of default judgment.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 14**) is **DENIED without prejudice** to filing an amended complaint, **on or before October 24, 2011**, as discussed herein.  If an amended complaint is filed, Plaintiffs must serve it on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure **on or before November 23, 2011**.

2. Failure to comply with this Order may result in a recommendation that the case be dismissed for lack of subject matter jurisdiction, failure to state a claim upon

---

[6] In *Polycarpe v. E&S Landscaping Service, Inc.*, the Eleventh Circuit discussed in detail the meaning of 29 U.S.C. § 203(s)(1)(A)(i), including the meaning of the terms, "goods" and "materials."  616 F.3d 1217 (11th Cir. 2010).

which relief can be granted, and/or want of prosecution.

   3.  If Plaintiffs present the Clerk of Court with a properly completed summons for service of an amended complaint, the Clerk of Court is **DIRECTED** to sign, seal, and issue said summons. See FED. R. CIV. P. 4(b).

  **DONE AND ORDERED** at Jacksonville, Florida, on October 3, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to: Counsel of Record
     Any *Pro se* Parties